IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ARTHUR TURNER, #09025**               **PETITIONER**

**VERSUS**                  **CIVIL ACTION NO. 1:09-cv-353-HSO-JMR**

**RON KING**                                **RESPONDENT**

MEMORANDUM OPINION AND ORDER

Petitioner filed his Petition pursuant to 28 U.S.C. § 2254 on June 10, 2009. On October 1, 2009, an Order [7] was entered directing Petitioner to file a written response on or before October 16, 2009, to provide more specific information. Petitioner was warned in this Order [7] that failure to advise the Court of a change of address or failure to timely comply with any Order of the Court may lead to the dismissal of his Petition. Petitioner failed to comply.

On December 14, 2009, the Court entered an Order [8] directing Petitioner to show cause, on or before January 4, 2010, why this case should not be dismissed for his failure to timely comply with the Court's Order [7] of October 1, 2009. The Show Cause Order [8] warned Petitioner that failure to advise the Court of a change of address or failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition, without further notice. Petitioner has not complied with the Show Cause Order. Indeed, Petitioner has failed to comply with two Court Orders and he has not contacted this Court since August 18, 2009.

This Court has the authority to dismiss an action for Petitioner's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash*

*R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *See Id.* at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE, is proper. Since Respondent has not been called upon to respond to Petitioner's pleading, and has not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the <u>26th</u> day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE